# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ESMERALDA FLEMING, | ) | Case No. 1:26-cv-1233 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| GREEK EMBASSY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Esmeralda Fleming paid the filing fee and filed suit, without a lawyer, against the Greek Embassy in Washington, D.C.  She alleges that the City of Karlovasi or/and Village of Leka in Greece have unlawfully destroyed her property on the Greek island of Samos without her permission.  She contends that she had an "arrangement" with the city engineer that the property would not be destroyed and that she could send workers there to restore it.  But workers and the village in Greece unlawfully and without her permission allowed her property to be destroyed.  She seeks compensation for the allegedly unauthorized destruction of her property.

After filing this lawsuit on May 29, 2026, Plaintiff moved for a default judgment on July 1, 2026.  The docket reflects service on June 8, 2026.  For the following reasons, the Court **DISMISSES** this lawsuit.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  "If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Foreign Sovereign Immunities Act provides "the sole basis for obtaining jurisdiction" over foreign states, their agencies, and instrumentalities in United States courts. *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). A suit against a foreign state's embassy is considered a suit against the foreign state under the Act. *See Koudoukara v. Embassy of Mali*, No. 24-1900, 2026 WL 1587293, at \*3 (D.D.C. June 3, 2026).

"[T]he FSIA imposes a bright-line rule: foreign states and their instrumentalities are immune from suit unless one of the Act's enumerated exceptions applies." *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223, 229 (2025) (citing 28 U.S.C. §§ 1605–07). "[U]nless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *Odhiambo v. Republic of Kenya*, 764 F.3d 31, 34 (D.C. Cir. 2014) ("[I]f no exception applies, the district court has no jurisdiction."). Exceptions in the Act include cases in which a foreign state has waived its immunity, 28 U.S.C. § 1605(a)(1), claims based on certain commercial activity carried out by a foreign state in the United States or elsewhere that causes a direct effect in the United States, *id.* § 1605(a)(2), claims based on certain expropriations of property located in the United States, *id.* § 1605(a)(3) and (4), and claims for money damages for personal injury or death, or damage to or loss of property occurring in the United States, *id.* § 1605(a)(5).

2

A plaintiff bears the burden to demonstrate that a foreign state lacks immunity under a specific exception and that the court therefore has jurisdiction over her claims. *See Drexel Burnham Lambert Group Inc. v. Committee of Receivers for Galadari*, 12 F.3d 317, 325 (2d Cir.1993); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (the party seeking to invoke federal jurisdiction bears the burden of establishing the court's authority to hear the case).

Here, Plaintiff does not allege or demonstrate, and the Court does not find, that an enumerated exception to the immunity of a foreign state to suit in federal court applies to her claims. She does not allege or demonstrate that, or how, the foreign state of Greece lacks immunity in federal court to the claims she alleges, which relate solely to conduct committed by actors located in Greece to residential property located in Greece. Accordingly, the Court dismisses her action for lack of subject-matter jurisdiction. Therefore, the Court **DENIES AS MOOT** Plaintiff's motion for default judgment. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: August 7, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio